IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DARRELL L. STEWART JR.,**<br><br>**Defendant.** | **Case No. 3:11-CR-30107-NJR** |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Before the Court is Defendant Darrell L. Stewart Jr.'s Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Stewart seeks a reduction in his sentence, asserting that extraordinary and compelling reasons warrant such relief. Specifically, he argues that his colon cancer diagnosis and poor prognosis are reason enough for his release. The United States opposes this motion.

## BACKGROUND

In May 2012, Stewart pleaded guilty to three counts of producing child pornography and one count of possessing child pornography. (Doc. 57 at p. 6). He was sentenced to nearly 42 years in federal prison. (Doc. 57-8 at p. 3).

According to Stewart, he first began downloading child sexual abuse material (CSAM) in the late 1990's. (*Id.*). He has self-reported as being addicted to child-pornography. (*Id.*). In 2011, following an FBI undercover investigation into an online peer-to-peer file sharing network, it was discovered that Stewart was sharing CSAM. (*Id.* at p. 7). Upon law enforcement obtaining and executing a search warrant for Stewart's

home, Stewart admitted to receiving, possessing, and distributing CSAM on the same peer-to-peer file sharing network. (*Id.*). Troves of CSAM were found in Stewart's home across several devices from game modules to CD's to laptops. (*Id.*). The National Center for Missing and Exploited Children identified dozens of child pornography victims in Stewart's cache of CSAM. (Doc. 32 at pp. 7–8).

From 2008 to 2011, Stewart created CSAM. (*Id.* at p. 5–10). Through extended family and his own acquaintances, Stewart met the minors he would later abuse. (*Id.*). He filmed some victims unclothed, some while he sexually assaulted them, some while they were asleep. (Doc. 47 at pp. 8–9). Some of his victims may very well not have realized they were abused or filmed. (*Id.*).

Stewart was diagnosed with stage IV colon cancer in 2025, and the cancer has since metastasized to his lungs. (Doc. 57 at p. 4).

## LEGAL STANDARD

With few and narrow exceptions, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582 (c); *See Dillon v. United States*, 560 U.S. 817, 824 (2010). One such exception to this rule is for compassionate release granted by a district court. 18 U.S.C. § 3582(c)(1)(A). Under 18 U.S.C. § 3582(c)(1)(A), a court may grant a defendant's motion for compassionate release only if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" *or* after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* After answering the question of administrative exhaustion, a court moves onto the

merits.

The court engages in a two-step process to determine whether a compassionate release is justified. First, it determines whether "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The Court also looks to see whether the reduction would be consistent with any applicable policy statements set forth by the United States Sentencing Commission. U.S.S.G. § 1B1.13. If the defendant demonstrates the existence of extraordinary and compelling reasons, then the court must consider whether the 18 U.S.C. § 3553(a) factors (applicable at the original sentencing) weigh in favor of release. *United States v. Williams*, 65 F.4th 343, 346 (7th Cir. 2023); *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021). Among the factors are a defendant's personal history and characteristics; the original sentence relative to the nature and seriousness of the underlying offenses; the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; the need for rehabilitative services; the applicable guideline sentence; and the need to avoid unwarranted sentencing disparities among similarly-situated defendants. 18 U.S.C. § 3553(a). The burden of establishing that one's circumstances are extraordinary and compelling and the favorable tilt of the § 3553(a) factors lies with the movant—the defendant. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

## Analysis

### I. Exhaustion of Administrative Remedies

When a defendant is diagnosed with a terminal illness, the Bureau of Prisons must

notify the prisoner of his right to seek compassionate release and must sometimes assist in preparing those compassionate release requests. *Fernandez v. United States*, 608 U.S. 411, 424 (2026). Stewart claims that the BOP is moving for compassionate release, but no such documentation has been received. (Doc. 55 at p. 2). Nonetheless, the requisite 30 days have elapsed since Stewart submitted a sentence reduction to the BOP Warden. (Doc. 57 at p. 5). Therefore, Stewart has exhausted his administrative remedies, allowing the Court to proceed to the merits of his motion.

**II. Extraordinary and Compelling Circumstances**

Stewart is suffering from late-stage colon cancer. (Doc. 57-4 at p. 1). Terminal illness, "a serious and advanced illness with an end-of-life trajectory," is typically considered an extraordinary and compelling circumstance. U.S.S.G. § 1B1.13(b). The Government neither contests Stewart's diagnosis nor his prognosis. They also concede Stewart's cancer satisfies the extraordinary and compelling circumstance requirement. (Doc. 57 at p. 2). With no evidence to the contrary, the Court agrees that Stewart's medical circumstances qualify as an extraordinary and compelling reason in favor of release.

**III. § 3553(a) Sentencing Factors**

Even when a defendant has satisfied the "extraordinary and compelling circumstance" prong, he must still demonstrate that the § 3553(a) factors weigh in favor of release. *See United States v. Manier*, 837 F. App'x 400, 401 (6th Cir. 2021) (affirming a district court's denial of compassionate release despite the defendant's extraordinary and compelling circumstances (a prostate cancer diagnosis) due to unfavorable § 3553(a) factors).

A. *Sentencing Guidelines Policy Statement*

For compassionate release to be granted, a defendant must demonstrate that the release would be in line with the applicable Sentencing Guidelines policy statement. Under the policy statement applicable here, a defendant must not be a danger to the safety of any other person or to the community. § 1B1.13(a) (2026).

Stewart has submitted that, if released, he will be in his parents' care at their home. Unfortunately, this is same home where he committed the underlying offenses—while he was on federal supervised release.[1] (Doc. 57 at pp. 5, 12). At that time, Stewart's parents were woefully unaware of what was occurring under their roof. (Doc. 57 at p. 12). His parents are now in their eighties. (*Id.*). Stewart, self-proclaimed as being addicted to child pornography, has a track record of deceiving his parents and the parents/guardians of the children whom he assaults and abuses. (*Id.* at p. 13). He was also so bold as to commit the underlying offenses while under the court's supervision. (Doc. 57 at p. 6; Doc. 57-8 at p. 3). This evidences a shocking lack of regard for the court's orders. While acknowledging that his recidivism risk is "low," it would not be difficult for Stewart to reoffend by viewing, collecting, and/or distributing CSAM. (Doc. 55 at p. 2). The Court has not been sufficiently assured that Stewart no longer poses a danger to others or to the community.

B. *Sentencing Factors*

Finally, in deciding whether compassionate release is justified, a court must

[1] Stewart was on supervised release for a conviction involving a conspiracy to manufacture methamphetamine at the time he committed the underlying child abuse offenses. (Doc. 57 at p. 6).

consider whether the relevant factors in 18 U.S.C. § 3553 weigh in favor of release. *Thacker*, 4 F.4th at 573. A district court may deny compassionate release based on § 3553(a) factors alone. *Manier*, 837 F. App'x at 401. The Government argues that the factors in fact counsel *against* release, and the Court is not convinced otherwise.

The Court is, of course, required to assess the nature and circumstances of the inmate's offense. 18 U.S.C. § 3553(a)(1). Stewart's offense and conduct remain extremely serious as reflected by his 480 month sentence.[2] Stewart assaulted, abused, and violated the privacy of five children. (Doc. 57 at p. 6). His extensive cache of child pornography alone is troubling. Stewart did not merely view and transmit CSAM—he *created* it. (*Id.* at pp. 6–8). He groomed his victims and grossly violated the trust placed in him by the victims and their families. (*Id.*). The reprehensible nature of his conduct necessitated and continues to necessitate just punishment and specific deterrence.

Among the § 3553(a) factors, the need to protect the public also gives the Court pause. As discussed earlier, some of Stewart's victims were not even aware that he had abused them or filmed them or that their images and videos were published on the internet. (Doc. 47 at p. 8–9). At Stewart's sentencing, a parent of one of his victims solemnly stated, "I can only hope and pray that they will never remember the actual acts of what was done to them." (Doc. 57 at p. 9). Disallowing Stewart's release may not guarantee his victims' peace of mind, but allowing his release would likely traumatize them all over again when they are notified (as required).

[2] Stewart received an additional 18 months for violation of the terms of his supervised release. (Doc. 57-8 at p. 2).

## CONCLUSION

The Court sympathizes with Stewart in his diagnosis and prognosis and appreciates his plight. Given the circumstances and the gravity of his underlying offenses, however, the Court cannot, in good conscience, find that his particular circumstances justify compassionate release.

For these reasons, Stewart's motion for compassionate release is **DENIED**.

**IT IS SO ORDERED.**

**DATED: November 9, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**